# Wilson v. Wilson, Appellant.

*Divorce—Impotency—Evidence—Sufficiency.*

In a suit for divorce on the ground that the respondent was impotent, where the narrative of the libellant is more positive, credible and consistent, and more strongly corroborated than that of the respondent, a decree in favor of the libellant will be affirmed.

Where the libellant testified that, although she and the respondent had lived together for more than two years, the marriage had never been physically consummated, because of the impotency of the respondent, and she was corroborated by the testimony of a physician to the effect that she had not had intercourse, such testimony may be taken as sufficient to establish the impotency.

*Divorce—Jurisdiction—Domicile—Change.*

Where a husband and wife establish their domicile in Pennsylvania, the fact that they subsequently went for a temporary visit to New York, and the husband stayed there after the wife returned to Pennsylvania, does not deprive the wife of her Pennsylvania residence.

Argued October 4, 1922. Appeal, No. 52, Oct. T., 1922, by respondent, from decree of C. P. No. 4, Phila. Co., Dec. T., 1920, No. 663, granting divorce a vinculo matrimonii, in the case of Mabel H. Wilson v. Arthur P. Wilson. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce.

The case was referred to Benson Mann, Esq., as master, who recommended that a decree of divorce be granted.

The opinion of the Superior Court states the case.

20, (1922).]    Statement of Facts—Opinion of the Court.

On exceptions to the master's report, the court dismissed the exceptions, and entered a decree of divorce. Respondent appealed.

*Errors assigned* were the decree of the court and its action dismissing the exceptions.

*Harvey McCourt,* for appellant.—To warrant granting a divorce on ground of incapacity of procreation, the allegation of the libel must be supported by the affirmative proof, or by fair inference from the facts in the case, that the cause alleged actually exists: Farnsworth v. Farnsworth, 75 Pa. Superior Ct. 401.

*Thad. S. Krause,* for appellee.

Opinion by Trexler, J., November 23, 1922:

The Act of March 13, 1815, section 1, 6 Smith 286, provides among the causes for which a divorce may be decreed that: "either party at the time of the contract was and still is naturally impotent or incapable of procreation." The libellant in the present case testified that although she and the respondent had lived together for more than two years, the marriage had never been physically consummated. She was corroborated by a physician who had examined her and found her still intact and apt. There were other witnesses who testified to statements made by the husband which were in the nature of admissions. His testimony was that "to the best of his knowledge" he had had intercourse with his wife. He refused from time to time to see a physician and assured his wife that things would adjust themselves in time. He however denied that he was impotent and shortly before the hearing before the master he was examined by a physician who pronounced him apparently normal.

After carefully reading the testimony we are all of the opinion that the learned court was right in grant-

ing the divorce. The narrative of the libellant is more positive, credible and consistent, and more strongly corroborated than the respondent's. The period of time these parties lived together without intercourse supports the conclusion that his defect is permanent and incurable. He could not by persisting in his refusal to consult a physician in order to be cured if possible, indefinitely continue a relation for which he was incapacitated. When there has been no sexual intercourse after an ostensible cohabitation as man and wife for three years or for a less time with other facts which in conjunction with the less cohabitation satisfy the tribunal of the impotency, it may be deemed established. Bishop on Divorce, sections 1286, 1287, 1288. A full discussion of the subject will be found in Tompkins v. Tompkins, 92 New Jersey Eq. 113.

The appellant has raised the question of jurisdiction alleging that the libellant has not been a resident of Pennsylvania for a full year prior to the filing of the libel. The master's finding that the libellant had a bona fide residence is well supported by the facts. The original domicile continues until changed for another with the intention of making it a true fixed and permanent abode: Hunnings v. Hunnings, 55 Pa. Superior Ct. 261; Shaw v. Shaw, 72 Pa. Superior Ct. 191. There is no evidence showing that the libellant ever acquired a residence in New York, nor had the husband acquired one when his wife left him. The libellant testified that she had told her husband she intended leaving him before he was arranging to go to New York, and when the house was closed in Pittsburgh and the furniture sent to New York she had already made arrangements to live with her parents in Philadelphia and had sent her clothing there. The decision of the respondent to make New York his permanent residence came later. It is true he states his intention to become a citizen of New York was formed earlier but the facts do not bear this out and he himself testified that the hotel at which they

stayed in New York City was not regarded as a home but merely as he termed it, their temporary address. We think that the residence of the libellant was properly proved, and that the court had jurisdiction.

The assignments of error are overruled.

The decree of the lower court is affirmed, the respondent to pay the costs.